**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CINCINNATI INSURANCE COMPANY and WEST BEND MUTUAL INSURANCE COMPANY, as subrogees of John Helleny, | ) ) ) ) | |
| *Plaintiffs*, | ) | Case No.    3:20-cv-1328 |
| v. | ) ) | |
| TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC. and LG CHEM AMERICA, INC., | ) ) ) ) | |
| | ) | JURY DEMAND |
| *Defendant*. | ) | |

## COMPLAINT

NOW COME the Plaintiffs, CINCINNATI INSURANCE COMPANY, (hereinafter, "Cincinnati"), and WEST BEND MUTUAL INSURANCE COMPANY, (hereinafter, "West Bend"), as subrogees of JOHN HELLENY (hereinafter, "Helleny"), by and through their attorneys, Grotefeld Hoffmann, LLP, and for their Complaint against Defendants TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC. (hereinafter, "TTI"), and LG CHEM AMERICA, INC. (hereinafter, "LG Chem"), state the following:

## PARTIES

1. At all times relevant, Plaintiff Cincinnati, as subrogee of Helleny, is a corporation organized under the laws of Ohio with its principal place of business located in Cincinnati, Ohio, and is duly authorized to conduct business in the State of Illinois as an insurance company.

2. At all times relevant, Plaintiff West Bend, as subrogee of Helleny, is a corporation organized under the laws of Wisconsin with its principal place of business located in West Bend, Wisconsin, and is duly authorized to conduct business in the State of Illinois as an insurance company.

3. Upon information and belief, Defendant TTI is a Texas corporation with its principal place of business in Fort Worth, Texas.

4. Upon information and belief, Defendant LG Chem is a Delaware corporation with its principal place of business in Atlanta, Georgia. LG Chem is registered to do business in the State of Illinois with the Illinois Secretary of State.

5. At all times relevant, Defendant LG Chem had substantial, ongoing contacts with this District by manufacturing, designing, marketing, supplying, selling, importing, distributing, including but not limited to the LG Chem lithium-ion cell, with the actual knowledge and/or reasonable expectation that it would be used in this district and which was in fact used, sold, and distributed in this district.

6. At all times relevant, Helleny was the owner of real property located at 13893 Bandyville Road, Herrin, Illinois 62948, (hereinafter, "the subject property").

7. At all times relevant, Helleny held a policy of insurance issued by Cincinnati which, *inter alia*, provided coverage for damage to his real and personal property.

8. At all times relevant, Helleny held a policy of insurance issued by West Bend which, *inter alia*, provided coverage for damage to his real and personal property.

## JURISDICTION AND VENUE

9. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

10. Venue in this matter is proper by virtue of 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

## **GENERAL ALLEGATIONS**

11. Upon information and belief, Helleny purchased the Ryobi 18-volt circular saw from TTI and stored it on a shelving unit within the subject property's garage.

12. Upon information and belief, on the evening of November 23, 2017, after hearing what sounded like "popping" noises, Helleny observed flames emanating from the gable area above his home's attached garage (hereinafter, "the subject fire" or "the fire").

13. The fire ultimately spread through the garage and parts of the home, causing significant damages.

14. An investigation into the occurrence confirmed that the subject fire originated in the attached garage of Helleny's home.

15. Further investigation revealed that the most probable cause of the fire was the failure of an LG Chem lithium-ion cell, which is a component of the battery for the Ryobi 18-volt circular saw.

16. Pursuant to the policy of insurance with Cincinnati, Helleny submitted a claim and was reimbursed by Cincinnati for the damages sustained to the subject property as a result of the subject fire.

17. Pursuant to the policy of insurance with West Bend, Helleny submitted a claim and was reimbursed by West Bend for the damages sustained to the subject property as a result of the subject fire.

18. As a result of the damages caused by the fire, Cincinnati has since paid to, or on behalf of, Helleny, a sum of $382,852.11 for repair, replacement and other associated expenses arising from the fire.

19. As a result of the damages caused by the fire, West Bend has since paid to, or on behalf of, Helleny, a sum of $369,324.25 for repair, replacement and other associated expenses arising from the fire.

20. In consideration of the payments made by Cincinnati to Helleny, and by operation of law, Cincinnati became an actual, bona fide subrogee of Helleny and became subrogated to the rights and claims against any person or entity that may be liable for damage to the subject property caused by the subject fire.

21. In consideration of the payments made by West Bend to Helleny, and by operation of law, West Bend became an actual, bona fide subrogee of Helleny and became subrogated to the rights and claims against any person or entity that may be liable for damage to the subject property caused by the subject fire.

## COUNT I – NEGLIGENCE

22. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 21 of this Complaint, as though fully set forth in this Count I.

23. At all relevant times, Defendant TTI had a duty to exercise reasonable care in designing, manufacturing, and assembling the Ryobi 18-volt circular saw in a safe operating condition so as not to cause harm to others' property.

24. Notwithstanding this duty, and in breach thereof, Defendant TTI by and through its employees, agents, and representatives breached its duty of care through one or more of the following negligent acts and/or omissions:

   a. Failed to exercise ordinary care or skill in the designing of the Ryobi 18-volt circular saw and its component parts;

   b. Failed to exercise ordinary care or skill in the manufacturing of the Ryobi 18-volt circular saw and its component parts;

4

    c. Failed to exercise ordinary care or skill when assembling the Ryobi 18-volt circular saw and its component parts;

    d. Failed to correct and/or remedy known defects and/or known dangerous conditions within the Ryobi 18-volt circular saw; and

    e. Was otherwise careless and negligent in the design, manufacture, assembly, sale and/or marketing of the Ryobi 18-volt circular saw.

25. On November 23, 2017, as a direct and proximate result of the aforementioned negligent acts and/or omissions on the part of Defendant TTI, Helleny sustained monetary and property damage in an amount of Seven Hundred Fifty-Two Thousand One Hundred Seventy-Six Dollars and Thirty-Six Cents ($752,176.36) when the LG Chem lithium-ion cell of the Ryobi circular saw's battery failed, overheated, and ignited nearby combustibles causing a fire at the subject property. Cincinnati and West Bend, having paid for these damages, have become bona fide subrogees under the terms of their Policies.

## COUNT II – NEGLIGENCE

26. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 21 of this Complaint, as though fully set forth in this Count II.

27. At all relevant times, Defendant LG Chem had a duty to exercise reasonable care in designing, manufacturing, and assembling the lithium-ion cell in a safe operating condition so as not to cause harm to others' property.

28. Notwithstanding this duty, and in breach thereof, Defendant LG Chem by and through its employees, agents, and representatives breached its duty of care through one or more of the following negligent acts and/or omissions:

    a. Failed to exercise ordinary care or skill in the designing of the lithium-ion cell and its component parts;

    b. Failed to exercise ordinary care or skill in the manufacturing of the lithium-ion cell and its component parts;

5

    c.  Failed to exercise ordinary care or skill when assembling the lithium-ion cell and its component parts;

    d.  Failed to correct and/or remedy known defects and/or known dangerous conditions within the lithium-ion cell; and

    e.  Was otherwise careless and negligent in the design, manufacture, assembly, sale and/or marketing of the lithium-ion cell.

29. On November 23, 2017, as a direct and proximate result of the aforementioned negligent acts and/or omissions on the part of Defendant LG Chem, Helleny sustained monetary and property damage in an amount of Seven Hundred Fifty-Two Thousand One Hundred Seventy-Six Dollars and Thirty-Six Cents ($752,176.36) when the LG Chem lithium-ion cell of the Ryobi circular saw's battery failed, overheated, and ignited nearby combustibles causing a fire at the subject property. Cincinnati and West Bend, having paid for these damages, have become bona fide subrogees under the terms of their Policies.

## COUNT III– STRICT LIABILITY

30. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 21 of this Complaint, as though fully set forth in this Count III.

31. At all times relevant, the Ryobi 18-volt circular saw was defective and/or unreasonably dangerous when it left Defendant's control and was placed into the stream of commerce.

32. At all times relevant, the Ryobi 18-volt circular saw and its component parts were used in a reasonably foreseeable and intended manner. Helleny was prudent and diligent and kept a well-maintained piece of equipment.

33. When the Ryobi 18-volt circular saw left Defendant TTI's control and was placed into the stream of commerce, it was defective and/or unreasonably dangerous, in light of its foreseeable and intended use, in one or more of the following ways:

      a. The Ryobi 18-volt circular saw contained one or more manufacturing defects, causing materials, or component parts to malfunction allowing them to come in contact with the heating element and start the subject fire;

      b. The Ryobi 18-volt circular saw contained one or more design defects, allowing materials to escape its component parts, foreseeably causing them to come in contact with the heating element and start the subject fire;

      c. The Ryobi 18-volt circular saw was distributed and sold with insufficient and/or improper warnings regarding the risk of fire associated with the circular saw and component parts; and/or

      d. The Ryobi 18-volt circular saw and component parts were otherwise designed, manufactured, assembled, installed and sold in such a way as to introduce into the stream of commerce and provide its intended users with an unreasonably dangerous and defective product.

34. On November 23, 2017, as a direct and proximate result of the Ryobi 18-volt circular saw's defective condition, Helleny sustained monetary and property damage in an amount of Seven Hundred Fifty-Two Thousand One Hundred Seventy-Six Dollars and Thirty-Six Cents ($752,176.36) when the LG Chem lithium-ion cell of the Ryobi circular saw's battery failed, overheated, and ignited nearby combustibles causing a fire at the subject property. Cincinnati and West Bend, having paid for these damages, have become bona fide subrogees under the terms of their Policies.

## COUNT IV– STRICT LIABILITY

35. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 21 of this Complaint, as though fully set forth in this Count IV.

36. At all times relevant, the LG Chem lithium-ion cell was defective and/or unreasonably dangerous when it left Defendant's control and was placed into the stream of commerce.

37. At all times relevant, the LG Chem lithium-ion cell and its component parts were used in a reasonably foreseeable and intended manner. Helleny was prudent and diligent and kept

7

a well-maintained piece of equipment.

38. When the lithium-ion cell saw left Defendant LG Chem's control and was placed into the stream of commerce, it was defective and/or unreasonably dangerous, in light of its foreseeable and intended use, in one or more of the following ways:

   a. The LG Chem lithium-ion cell contained one or more manufacturing defects, causing materials, or component parts to malfunction allowing them to come in contact with the heating element and start the subject fire;

   b. The LG Chem lithium-ion cell contained one or more design defects, allowing materials to escape its component parts, foreseeably causing them to come in contact with the heating element and start the subject fire;

   c. The LG Chem lithium-ion cell was distributed and sold with insufficient and/or improper warnings regarding the risk of fire associated with the circular saw and component parts; and/or

   d. The LG Chem lithium-ion cell and component parts were otherwise designed, manufactured, assembled, installed and sold in such a way as to introduce into the stream of commerce and provide its intended users with an unreasonably dangerous and defective product.

39. On November 23, 2017, as a direct and proximate result of the LG Chem lithium-ion cell's defective condition, Helleny sustained monetary and property damage in an amount of Seven Hundred Fifty-Two Thousand One Hundred Seventy-Six Dollars and Thirty-Six Cents ($752,176.36) when the LG Chem lithium-ion cell of the Ryobi circular saw's battery failed, overheated, and ignited nearby combustibles causing a fire at the subject property. Cincinnati and West Bend, having paid for these damages, have become bona fide subrogees under the terms of their Policies.

WHEREFORE, CINCINNATI INSURANCE COMPANY and WEST BEND MUTUAL INSURANCE COMPANY, as subrogees of John Helleny, respectfully request judgment be entered in their favor against Defendants, TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC. and LG CHEM AMERICA, INC., in an amount of Seven Hundred Fifty-Two Thousand One

Hundred Seventy-Six Dollars and Thirty-Six Cents ($752,176.36), plus costs and for such further relief that this Court deems equitable and just.

                                      Respectfully submitted,

                                      CINCINNATI INSURANCE COMPANY and
                                      WEST BEND MUTUAL INSURANCE
                                      COMPANY, as subrogees of John Helleny,

                                      By: */s/ Brad M. Gordon*
                                                    One of its attorneys

Brad M. Gordon
GROTEFELD, HOFFMANN, GORDON, OCHOA & EVINGER, LLP
311 South Wacker Drive
Suite 1500
Chicago, IL 60606
Telephone: (312) 551-0200
Facsimile: (312) 601-2402
Email: bgordon@ghlaw-llp.com