IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CINCINNATI INSURANCE COMPANY and WEST BEND MUTUAL INSURANCE COMPANY,** as subrogees of John Helleny,<br><br>**Plaintiffs,**<br><br>v.<br><br>**LG CHEM AMERICA, INC. and ONE WORLD TECHNOLOGIES, INC.,**<br><br>**Defendants.** | Case No. 20-CV-01328-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

In December 2020, Plaintiff subrogees Cincinnati Insurance Company and West Bend Mutual Insurance Company brought this action alleging that subrogor John Helleny's home caught fire and the LG Chem America, Inc. lithium-ion cell component of a battery for a Ryobi 18-volt circular saw was the most probable culprit (Doc. 9, p. 3). LG moved for dismissal from the Complaint, stating that this Court lacks both general and specific personal jurisdiction over it (Doc. 31).

Once a defendant moves to dismiss based on the lack of personal jurisdiction, the burden falls on the plaintiff to demonstrate that jurisdiction exists. *Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695, 697 (7th Cir. 2015). Plaintiffs never responded to LG's Motion to Dismiss. Pursuant to LOCAL RULE 7.1(c), "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." The United States Court of Appeals has also stated that "a

district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss." *Boogaard v. Natl. Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018) (citations omitted). The Court will still ensure that the arguments made by LG properly substantiate its assertions of entitlement to dismissal.

General jurisdiction exists only when the affiliations with the state in which suit are brought are so constant and pervasive as to render it essentially at home in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). Corporations are considered "at home" in the state of their incorporation or their principal place of business. *Id.* at 137. Only in an "exceptional case" can a court exercise general jurisdiction in a forum that is not "the corporation's place of incorporation [or] its principal place of business." *BNSF Ry. Co. v. Tyrell,* 137 S. Ct. 1549, 1558 (2017) (citations omitted). Additionally, general jurisdiction exists when a corporation's contacts with a state are so "continuous and systematic" with the state to render it "essentially at home in the forum state." *Daimler*, 571 U.S. at 139.

LG is a Delaware corporation with its principal place of business in Georgia. Plaintiffs' Complaint contains no allegations demonstrating that this is an "exceptional case" where LG's contacts with Illinois are so "continuous and systematic" as to render it essentially "at home" in Illinois. Therefore, the Complaint provides no basis for this Court to exercise general jurisdiction over Plaintiffs' claims against LG.

Furthermore, for specific jurisdiction to exist, a defendant's activity must fall within the state's long-arm statute. The long-arm statute in Illinois permits courts to exercise jurisdiction on any basis permitted by the Due Process Clause of the

Fourteenth Amendment. *See* 735 ILCS 5/2-209(c). Due Process requires that a defendant have certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

A defendant has established the necessary minimum contacts with a forum state when they have purposefully availed themselves of the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). However, contacts with the state due to random, fortuitous, or attenuated circumstances are insufficient. *Id.* Further, where a defendant places goods into the stream of commerce, the defendant must purposefully avail itself of the forum through conduct targeting the State. *McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 882 (2011). It is not enough that the defendant might have predicted that its goods will reach the forum state. *Id.*

Here, Plaintiffs have failed to plead facts indicating that LG has purposefully availed itself to the jurisdiction of Illinois by any conduct targeting the state. As LG points out, it does not manufacture batteries, or any other product, in Illinois and has never sold, marketed, or distributed any lithium-ion batteries directly to individual consumers. Additionally, while Plaintiffs allege that LG is registered to do business in Illinois, this does not constitute its consent to personal jurisdiction. "Registering to do business in a state and/or designating a registered agent for service of process is not enough to make a corporation 'at home' in that state." *Leibovitch v. Islamic Republic of Iran*, 188 F. Supp. 3d 734, 749 (N.D. Ill. 2016). Thus, LG's contacts with Illinois are not sufficiently connected to the Plaintiffs' claims to meet the minimum contacts threshold, and the Court does not have specific jurisdiction over LG.

CONCLUSION

Accordingly, the Court **GRANTS** Defendant LG Chem America, Inc.'s Motion to Dismiss (Doc. 31). LG Chem America, Inc. is **DISMISSED with prejudice** from this action. The Clerk of Court is **DIRECTED** to terminate LG Chem America, Inc.

**IT IS SO ORDERED.**

**DATED:  October 19, 2021**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
